## United States District Court

### DISTRICT OF DELAWARE

UNITED STATES OF AMERICA

v.

PAUL E. PAVULAK

**Criminal Complaint**
CASE NUMBER: 09- 36 -M

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. Between, on or about __February 1, 2008__ and on or about __January 19, 2009__ in __New Castle County__, in the District of Delaware, and elsewhere, the defendant, Paul E. Pavulak, did:

knowingly possess child pornography; and

knowingly use the mail or any facility or means of interstate or foreign commerce to attempt to persuade, induce, entice, or coerce any individual who has not attained the age of 18 years to engage in prostitution or any sexual activity for which the defendant can be charged with a criminal offense

in violation of Title ____18____ United States Code, Section(s) __2252A(a)(5)(B) and 2422(b)__.

I further state that I am a(n) __Special Agent, ICE__ and that this complaint is based
Official Title
on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:    Yes

_____
Signature of Complainant
Patrick McCall
Special Agent, ICE

Sworn to before me and subscribed in my presence,
March 26, 2009                                    at    Wilmington, Delaware
Date                                                    City and State

Honorable Leonard P. Stark
United States Magistrate Judge                    _____
Name & Title of Judicial Officer                   Signature of Judicial Officer

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Case No. 09- |
| PAUL E. PAVULAK, ) | |
| ) | |
| Defendant. ) | |

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Patrick McCall, a Special Agent with United States Immigration and Customs Enforcement, Wilmington, Delaware Resident Agency, being duly sworn, depose and state as follows:

1. I am a Special Agent with the United States Department of Homeland Security, United States Immigration & Customs Enforcement (ICE), Wilmington, Delaware. I have been employed as a Special Agent since June 5, 1988, when I was employed by the Immigration and Naturalization Service (INS). The INS was transferred to the U.S. Department of Homeland Security as the Bureau of Immigration & Customs Enforcement in March 2003.

2. As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

3. This affidavit is submitted in support of a criminal complaint and arrest warrant charging Paul E. Pavulak, of New Castle, Delaware, with violating: (1) Title 18, United States Code, Section 2252A(a)(5)(B), Possession of Child Pornography; and (2) Title 18, United States Code, Section 2422(b), Attempted Enticement of a Minor.

4. The statements contained in this Affidavit are based on my experience and

background as a Special Agent and on information provided by other law enforcement agents. I have not set forth every fact resulting from the investigation; rather, I have included only that information necessary to establish probable cause to charge and arrest Paul E. Pavulak for violating: (1) Title 18, United States Code, Section 2252A(a)(5)(B), Possession of Child Pornography; and (2) Title 18, United States Code, Section 2422(b), Attempted Enticement of a Minor.

## **PERTINENT FEDERAL CRIMINAL STATUTES**

5. Title 18, United States Code, Section 2252A, entitled "Certain activities relating to material constituting or containing child pornography," provides, in pertinent part:

(a) Any person who –

(1) knowingly mails, or transports or ships in interstate or foreign commerce by any means, including by computer, any child pornography;

(2) knowingly receives or distributes –
any child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer; or
any material that contains child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer;

(3) knowingly reproduces any child pornography for distribution through the mails, or in interstate or foreign commerce by any means, including by computer;
. . . .

(5)(B) knowingly possesses any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer,

shall be punished as provided in subsection (b).

2

6. Title 18, United States Code, Section 2422(b) makes it a federal crime to use the mail or any facility or means of interstate or foreign commerce to attempt to persuade, induce, entice, or coerce any individual who has not attained the age of 18 years to engage in prostitution or any sexual activity for which he can be charged with a criminal offense, including, but not limited to: Attempted Production of Child Pornography, in violation of Title 18, United States Code, Section 2251(a); and (2) under Philippine law: (A) Rape, in violation of the Revised Penal Code of the Philippines, Article 266-A, which makes it a crime to have carnal knowledge of or to commit an act of sexual assault on a woman when the woman is under twelve years of age, and (B) Corruption of Minors, in violation of the Revised Penal Code of the Philippines, Article 340, which makes it a crime for any person to promote or facilitate the prostitution or corruption of persons underage to satisfy the lust of another.

## DETAILS OF INVESTIGATION

7. The defendant, Paul E. Pavulak, is a Tier III sex offender who has been convicted on two separate occasions of child sex crimes under Delaware law.

8. On or about June 30, 1998, Paul E. Pavulak pleaded guilty in the Superior Court of New Castle County to Unlawful Sexual Contact Second Degree, in violation of Title 11, Delaware Code, Section 768. The child victim was approximately eleven years old at the time of the sexual assault. Pavulak was sentenced to four months probation for that offense.

9. On or about April 6, 2005, Paul E. Pavulak pleaded guilty to Unlawful Sexual Contact Second Degree, in violation of Title 11, Delaware Code, Section 768. The victim was approximately ten years old and in Pavulak's custody and care at the time of this sexual assault. Pavulak was sentenced to two years in prison for that offense.

10. In July 2008, Pavulak registered with the Delaware Sex Offender Registry by providing a residential address at a motel in Wilmington, Delaware and listed himself as being unemployed. Pavulak did not disclose that he utilized any email addresses.

11. In October 2008, Pavulak changed his Delaware driver's license to the business address of Concrete Tech Inc., in New Castle, Delaware. Pavulak is the former owner of Concrete Tech, which is now owned and operated by two of Pavulak's adult children.

12. At no point did Pavulak update his Delaware sex offender registration to include the address of Concrete Tech, as either a place of residence or work, as required by Delaware (and federal) law. As a result, Pavulak has been charged with Failure to Re-Register as a Sex Offender, in violation of Title 11, Delaware Code, Section 4120.

13. In October 2008, the Delaware State Police Sex Offender Registry Unit received information from two reliable sources that Pavulak was viewing child pornography on a computer connected to the Internet at Concrete Tech's New Castle office. CI-1 advised law enforcement officers that he/she observed Pavulak viewing suspected child pornography on multiple occasions on a computer located in Concrete Tech's office. CI-1 described the images as females between approximately 16 and 18 years old. CI-2 also advised that he/she observed Pavulak viewing sexually explicit images of females between ages 12-15 on a computer at the Concrete Tech office. CI-1 further advised that one of the websites he/she saw Pavulak access was called "cherryblossom.com."

14. CI-2 advised that Pavulak was planning a month-long trip to the Philippines between December 2008 and January 2009. During this trip, Pavulak told CI-2, he had arranged to have sexual encounters with various females.

15. CI-2 also reported that Pavulak told him he had purchased a digital camera capable of holding approximately 1.5 hours of video for his trip to the Philippines. CI-2 also advised that Pavulak worked out of and stayed in an office located in the rear of Concrete Tech's building, where Pavulak had access to a desktop and laptop computer. CI-2 also advised that Pavulak had recently obtained a video camera for use with his laptop computer.

16. On or about December 5, 2008, Pavulak updated his Delaware Sex Offender registration at Troop 2 headquarters to reflect a residential address in the Philippines.

17. On or about December 8, 2008, Pavulak departed JFK International Airport, in New York, and subsequently arrived at his final destination in the Philippines.

18. On January 14, 2009, Pavulak entered the United States at the Philadelphia International Airport on a US Airways flight from the Philippines. As part of his entry, a border search of Pavulak and the electronic equipment in his possession was conducted for evidence of contraband relating to child sexual exploitation. The search resulted in the discovery of a computer bag, a computer power cord, and computer-related software. No laptop computer was found.

19. Pursuant to his entry, surveillance was conducted of Pavulak from the Philadelphia International Airport by members of the Delaware State Police and the United States Marshal's Service-Fugitive Task Force to his place of residence/business at Concrete Tech's New Castle office.

20. At approximately 7:30 a.m. on or about January 19, 2009, law enforcement officers executed a search warrant at Concrete Tech's New Castle office. Pavulak answered the front door. He stated that he had been sleeping on a couch in the rear office. Pavulak admitted

that he travelled to the Philippines between December 10, 2008 and January 14, 2009. Pavulak was taken into custody due to an outstanding warrant for violating the Delaware sex offender registration law.

21.     After being transported to Troop 2, Pavulak waived his Miranda rights and agreed to be interviewed. Pavulak admitted that he occupied the rear office in the Concrete Tech building. He also admitted that he worked, on average, 10-20 hours per week at the business, but that he did not work every week. He stated that the business paid him a couple hundred dollars. Pavulak also identified his email address as "pavy224@yahoo.com." Pavulak also admitted that he did travel to the Philippines and met several females there, but claimed that all of them were over the age of consent.

22.     The items seized during the search included a Nokia cellular telephone and various pieces of computer equipment, including a desktop computer and the laptop computer. The laptop was seized from the rear office, which also contained a large red couch, entertainment center and desk. Also seized from that rear office were Pavulak's sex offender registration papers, mail bearing his name, clothes, and scrap papers and maps relating to the Philippines.

23.     A forensic examination of the laptop revealed approximately 29 images of child pornography that were saved to the hard drive. These images depicted teenage and prepubescent females engaged in sexually explicit conduct either alone or with adult males. In addition to these saved images, the forensic examination also revealed hundreds of images of child pornography that had been accessed, stored in a folder on the hard drive, and then subsequently deleted. These files remained intact on the hard drive. These images depicted various types of child pornography, including the sexual penetration of children as young as infants.

24. Also found on the laptop was a video of Pavulak engaged in sexual conduct with a female later identified at Ara Duran, of the Philippines. Also found was a digital picture of Pavulak with Duran and a 2-3 year old female subsequently identified as Duran's daughter ("Jane Doe"). Also found was a separate file containing a digital photograph of Duran and Jane Doe sitting with a silver and black Gateway laptop and a few DVDs, including a Sesame Street Alphabet DVD.

25. Also found on the laptop were references to the website cherryblossom.com. Further investigation revealed that cherryblossom.com is a social networking site that contains numerous profiles of women primarily from Southeast Asia and, in particular, the Philippines. The site also contains numerous profiles of men who advertise to meet these women for sex.

26. Investigation revealed that Pavulak placed a profile with various pictures of himself on cherryblossom.com. He wrote in his profile that he was "looking for a woman 18 to 25 that wants to become my girl friend and passionate lover." Pavulak also advised potential mates that he planned to visit the Philippines in December 2008 and January 2009.

27. As noted above, Pavulak identified his email address as "pavy224@yahoo.com." In response to an administrative subpoena, Yahoo produced business records confirming that the account was created by "Mr. Paul Pavy," who provided a zip code of "19804," which covers Wilmington, Delaware. Yahoo also produced the Internet Protocol addresses that were utilized to access the email account. In response to an administrative subpoena, the internet service provider that controlled one of the IP addresses used to access the account during Pavulak's trip to the Philippines confirmed that the IP address was then assigned to an internet service account registered under:

    A.    the business name "Paul Pavulak Concrete Repair System;

    B.    the customer name "Gwen Kunkel," Pavulak's daughter and part-owner of Concrete Tech; and

    C.    the account address of Concrete Tech's New Castle office.

28.    Pavulak had not registered this email address with the Delaware State Police Sex Offender Registry, as required by state (and federal) law.

29.    During the course of the investigation, the Delaware State Police secured a search warrant for the contents of this email account. Law enforcement officers have obtained and reviewed those contents, some of which are described below.

30.    In September 2008, Pavulak emailed Ara Duran, at her email address of shahara_babes@yahoo.com. Noting that they "haven't had a chance to chat yet," Pavulak wrote that he was seeking a wife "with a child." He also wrote: "It is extremely important the [sic] my wife whats [sic] an aggressive very active open sex desire like me. Also one who will experiment with different possibilities about sex." He further noted that "sexy underwear is a must. I like lace and bows on panties and bras."

31.    On October 1, 2008, Ara Duran responded by sending an email from her account (Shahara_babes@yahoo.com) to Pavulak's Yahoo email address (Pavy224@yahoo.com). She wrote that they were "a good match." She also noted that she "went to the malls and I bought more panties of my own and for my daughter too."

32.    On October 3, 2008, Pavulak replied by email requesting pictures of Duran and her daughter and noting that "I will like dressing you and your daughter."

33. On October 5, 2008, Duran and Pavulak engaged in a Yahoo instant message chat, in which they discussed viewing each other on web cameras. Pavulak stated that he was "setting up all the computers . . . in the new shop." Pavulak wrote that he was "so happy that you have a daughter" and asked her name. As they discussed Pavulak's upcoming trip to the Philippines during which they would meet, Pavulak wrote "you will bring [Jane Doe] with you right" and "I want to meet both of you."

34. On October 10, 2008, Duran and Pavulak engaged in another Yahoo online chat, in which Pavulak asked "where are the pictures you promised?" Duran wrote "give me your email add hon hon," to which Pavulak replied: "pavy224@yahoo.com." Shortly thereafter, Duran asked Pavulak for his address, to which he replied by typing the address of Concrete Tech's office.

35. After Duran sent pictures to Pavulak via email, he responded on October 16, 2008 by stating that he wanted "to meet the two of you in Cebu" and that he planned to arrive on December 10. He noted that he "already got a gift for [Jane Doe] that I am sure she will like" and that he could not "wait to meet the two of you."

36. Between October 23, 2008 and December 7, 2008, Duran and Pavulak exchanged a number of emails in which she transmitted images of herself and Jane Doe to Pavulak, and in which they exchanged information about possible hotels at which they could meet.

37. On December 7, 2008, Pavulak sent an email to Duran advising her of the hotel at which he wanted to stay with her and Jane Doe between December 16 and 23. He wrote that his first choice for a room "has a king size bed and we all will fit fine in that."

38.     As noted above, Pavulak traveled to the Philippines between December 10, 2008 and January 14, 2009. During his stay, he met Ara Duran and Jane Doe. As also noted above, a digital file containing a picture of Pavulak with Duran and Jane Doe was recovered from the laptop computer in Pavulak's office at Concrete Tech during the January 21, 2009 search.

39.     On January 11, 2009, Duran sent Pavulak an email asking if he was "already at home" and thanking him for, among other things, the "washing machine," about which she wrote "we like it very much."

40.     A forensic examination of the Nokia cellular telephone seized from Pavulak revealed that he transmitted to and received a number of text messages from Duran on January 13, 2009, which was the date on which he flew back to the United States. Pavulak's outgoing messages on January 13, 2009 included the following:

"Hope the little girl will like it too."

"Teach her every thing hon"

"That will be nice and I will suck her too u suck her a lot so she likes it"

"Cant wait to see you both naked on the cam using the vgbrator"

"U are really good the way u are teaching u think u can get her to suck me next December"

"u and know that u can make it all work out for the three of us to be happy sex life"

41.     On January 18, 2009, Pavulak and Duran engaged in an instant message chat via Yahoo. Pavulak stated that he was in his office "and am cooking breakfast." Pavulak stated that he "will be there" for Duran's birthday on October 11. Duran wrote back that "the dildo and the vibrator was in my bed right now hon." As to Jane Doe, Pavulak wrote:

10

"if you play with her [vagina] a lot then by the time i get there she will want me to play with her"

. . . .

"I wish she would just spread her legs and let me lick her"

42. After Duran responded that "she loves the vibrator very much hon," Pavulak replied: "hope I can see her use it soon." He also wrote: "I'm going to shoot cum in her mouth at age three when I come back there" and that "ill give her a chocolate bar afterward . . . if she sucks good." Pavulak continued: "u just keep showing her the movie how u suck me . . . so she will know."

43. As the chat continued, Pavulak asked Duran to display her genitals on the webcam. After Duran apparently did so, Pavulak wrote: "now [Jane Doe's]. Duran apparently displayed [Jane Doe] on the webcam, but wearing a diaper. Duran wrote: "you cant see [Jane Doe's vagina]," to which Pavulak replied: "well maybe sometime soon." Duran responded that Pavulak would see Jane Doe nude on the webcam that evening – the evening before Pavulak was arrested and the laptop was seized.

44. Pavulak and Duran did not chat online during the evening of January 18, 2009. At 7:30 a.m., on January 19, 2009, the Delaware State Police executed the search warrant at Pavulak's office and arrested him.

45. Subsequent to Pavulak's January 19, 2009 arrest, ICE agents located and interviewed Ara Duran in the Philippines. Duran confirmed that she engaged in sexual acts with Pavulak during his trip to the Philippines. She further stated that Pavulak paid her $200 and gave her a laptop computer so that they could continue to communicate once he returned to the United

States. Duran consensually turned the laptop over to ICE agents, who secured it and shipped it to ICE's Wilmington office.

46. The ICE agents also confirmed that Duran has a two-year-old daughter named as she is identified in Duran and Pavulak's internet communications. Duran also confirmed that Pavulak would ask sexual questions about her daughter and offered her money to have sex with her daughter.

47. Investigation also has confirmed that Pavulak used the online money service Xoom.com to transfer $400 to Duran between October 22 and December 8, 2008.

## CONCLUSION

48. Based on the above information, there is probable cause to charge and arrest Paul E. Pavulak, of New Castle, Delaware, for violating: (1) Title 18, United States Code, Section 2252A(a)(5)(B), Possession of Child Pornography; and (2) Title 18, United States Code, Section 2422(b), Attempted Enticement of a Minor.

Respectfully submitted,

*[signature]*
Patrick McCall
Special Agent, ICE

Subscribed and sworn
before me this 26th of
March 2009

*[signature]*
Honorable Leonard P. Stark
United States Magistrate Judge